Ulysees COATES, Plaintiff,

v.

John H. DALTON, Secretary, Department of the Navy, Defendant.

Civil Action No. 94–5727.

United States District Court, E.D. Pennsylvania.

May 31, 1996.

Dennis L. Friedman, Philadelphia, PA, for plaintiff.

James G. Sheehan, Philadelphia, PA, Karen Elizabeth Rompala, Wilkes Barre, PA, Joan K. Garner, Philadelphia, PA, for defendant.

### MEMORANDUM

ANITA B. BRODY, District Judge.

Plaintiff Ulysees Coates brought an action against his employer, John H. Dalton, Secre-

tary of the Department of the Navy, alleging retaliation in violation of Title VII of the Civil Rights Act of 1964. Trial commenced on February 6, 1996. On February 7, 1996, defendant moved for Judgment as a Matter of Law. I denied defendant's motion, and on February 9, 1996 the jury returned a verdict in favor of the plaintiff.

■ Before me is defendant's Motion for Reconsideration of my decision denying the Motion for Judgment as a Matter of Law. I must determine whether the "evidence and justifiable inferences most favorable to the prevailing party afford any rational basis for the verdict." *Intermilo, Inc. v. I.P. Enterprises, Inc.*, 19 F.3d 890, 892 (3d Cir.1994) (quoting *Bhaya v. Westinghouse Elec. Corp.*, 832 F.2d 258, 259 (3d Cir.1987), *cert. denied*, 488 U.S. 1004, 109 S.Ct. 782, 102 L.Ed.2d 774 (1989)).

Defendant argues that the verdict in plaintiff's favor is without a rational basis because plaintiff failed to establish a prima facie case of retaliation. Specifically, defendant argues that as a matter of law plaintiff cannot prove his non-promotion was in retaliation for his prior EEO activity, because his non-promotion occurred four years after he filed his EEO complaint. (Def.'s Mot. Recons.) As explained below, I disagree and will therefore deny defendant's motion.

## I. Evidence Presented at Trial

Plaintiff testified at trial that in 1988 he filed an EEO complaint against an administrator named Mr. Gerald Martin. (2/7/96 Tr. at 59.) An administrative hearing took place in May 1991, during which plaintiff cross-examined Mr. Martin. (2/7/96 Tr. at 60; 2/8/96 Tr. at 100–101.) Plaintiff also cross-examined Mr. Martin on behalf of a co-worker at another EEO administrative hearing in May 1991. (2/7/96 Tr. at 60–61; 2/8/96 Tr. at 101.) One month later, in June 1991, a vacancy announcement was released which stated that a temporary promotion was available. (2/8/96 Tr. at 7.) Plaintiff applied for the position, but a co-worker was chosen by Mr. Martin to fill the vacancy in July 1992. (2/6/96 Tr. at 4; 2/8/96 Tr. at 112.) No evidence was presented at trial of any other promotion opportunities arising in the time period between plaintiff's EEO complaint in 1988 and his non-promotion in 1992.

## II. Discussion

In order to establish a prima facie case of retaliation, plaintiff must prove that his EEO activity was causally related to his non-promotion. *Jalil v. Avdel Corp.*, 873 F.2d 701, 708 (3d Cir.1989), *cert. denied*, 493 U.S. 1023, 110 S.Ct. 725, 107 L.Ed.2d 745 (1990). Defendant argues that as a matter of law plaintiff cannot prove the required causal relationship because plaintiff's non-promotion occurred four years after he filed his EEO complaint. (Mem.Supp.Def.'s Mot.Recons.) Defendant's argument is unpersuasive because the presence of such a time lapse is not alone determinative on the issue of causation, and because plaintiff presented other evidence of a causal link.

### A. Evidence of a Time Lapse is Not Determinative on the Issue of Causation

■ Evidence of a four-year time lapse between plaintiff's non-promotion and his EEO filing is not legally conclusive proof that no retaliation occurred. *Robinson v. Southeastern PA Transportation Auth., Red Arrow Div.*, 982 F.2d 892, 895 (3d Cir.1993); *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 501 (3d Cir.1991). If it were, an employer could avoid liability for retaliation simply by waiting to punish an employee who had engaged in protected EEO activity. Therefore, while a court may consider the existence of such a time lapse when deciding whether a retaliation case should to go to a jury, the time lapse should be only one consideration among many. *Robinson*, 982 F.2d at 895.

### B. Plaintiff Presented Other Evidence of a Causal Link

■ The time lapse in this case does not warrant judgment as a matter of law against plaintiff because plaintiff presented other evidence that he was the victim of retaliation. First of all, the time period between plaintiff's EEO complaint and his non-promotion did not pass without incident—plaintiff cross-examined Mr. Martin on two separate occa-

sions in May 1991,[1] and it is Mr. Martin who allegedly made the decision to deny plaintiff the promotion. Secondly, as no evidence was presented at trial that an earlier opportunity for promotion existed, the jury could have inferred that plaintiff was denied a promotion on the very first possible occasion following his EEO activity. Based on the above, there were facts sufficient to support a jury verdict for the plaintiff.

## III. Conclusion

As the evidence presented at trial afforded a rational basis for the jury verdict, I will deny defendant's Motion for Reconsideration.

---

1. Defendant argues that it is improper to consider the administrative hearings when searching for evidence of a causal link. Defendant cites to *Woods v. Bentsen*, 889 F.Supp. 179, 188 (E.D.Pa. 1995), which holds that the filing of an EEO complaint, rather than the administrative proceedings which follow, is the appropriate reference point for measuring the time lapse between protected activity and adverse employment action. However, I am not considering the administrative hearings as a reference point for measuring the time lapse—I am considering the hearings merely as other evidence of a causal link. The Third Circuit has held that evidence other than a time lapse is relevant in determining causation. *Robinson*, 982 F.2d at 895.